UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

XAVIER LAVELL ARTIS,

     Plaintiff,

v.                                                                          Case No.:  2:26-cv-919-SPC-DNF

OFFICER C. PIERCE,
LIEUTENANT J. SIMMONS, and
CAPTAIN OSTROMECKI,

     Defendants.

_____/

## OPINION AND ORDER

Before the Court is Plaintiff Xavier Lavell Artis's Complaint (Doc. 1), which he filed as a state prisoner in Charlotte County Correctional Institution. The Court construes Artis's failure to pay the filing fee as a request to proceed *in forma pauperis* and reviews the complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court

can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Artis accuses three prison guards of violating his constitutional right against cruel and unusual punishment, but he falls short of stating a plausible claim. Artis alleges that, on January 22, 2026, at 8:40 P.M., a plumber shut off the water in his cell after he complained that only hot water flowed from the faucet. (Doc. 1 at 12–13) He alleges that, after repairing the faucet, the plumber failed to turn the water back on. (Doc. 1 at 13) He alleges that he asked Officer Pierce to turn the water on, but Officer Pierce responded that he had "no control of that." (Doc. 1 at 13) He alleges that the next day, on January 23, 2026, he asked Lieutenant Simmons to turn the water on, and instead of turning the water on, Lieutenant Simmons wrote on the cell door, "Needs plumber." (Doc. 1 at 13) He alleges that, on January 24, 2026, he asked Captain Ostromecki to turn the water on, and Captain Ostromecki ignored him. (Doc. 1 at 13) He alleges that, on January 24 in the afternoon, the water turned back on. (Doc. 1 at 7, 12)

2

Artis contends that he was entitled to "unlimited access to drinking water," that the Defendants could have easily turned the water on earlier, and that he suffered dehydration and constipation and was unable to wash his hands, brush his teeth, or "drink anything after eating." (Doc. 1 at 5, 12–13) He asserts that the Defendants deliberately denied him access to running water from January 22 at 8:40 P.M., until January 24 in the afternoon. (Doc. 1 at 13–14)

"The 'cruel and unusual punishments' standard [under the Eighth Amendment] applies to the conditions of a prisoner's confinement." *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981)). "Even so, 'the Constitution does not mandate comfortable prisons.'" *Chandler*, 379 F.3d at 1289 (quoting *Rhodes*, 452 U.S. at 349). "Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.'" *Chandler*, 379 F.3d at 1289 (quoting *Rhodes*, 452 U.S. at 347). The challenged condition must be objectively extreme and must pose an unreasonable risk of serious damage to a prisoner's future health or safety. *Chandler*, 379 F.3d at 1289 ("The Eighth Amendment thus guarantees that prisoners will not be 'deprive[d] . . . of the minimal civilized measure of life's necessities.'") (quoting *Rhodes*, 452 U.S. at 347). Also, "[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate

3

humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Chandler*, 379 F.3d at 1289–90 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Artis complains about the lack of "unlimited access" to running water in his cell and states that he could not "drink anything after eating." (Doc. 1 at 12)  He alleges that he became dehydrated and constipated and was unable to wash his hands or brush his teeth in his cell because of the lack of running water. (Doc. 1 at 5, 12)  However, he does not allege either that the Defendants completely denied him access to any water, even during meals, or that he suffered any serious physical harm.  Because the complaint fails to allege both that the conditions in Artis's cell were sufficiently extreme to violate his right against cruel and unusual punishment and that the Defendants deliberately disregarded an excessive risk of serious harm to his health or safety, Artis fails to state a claim.  *Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010)[1] (holding that the lack of a mattress and a malfunctioning and overflowing toilet for eighteen days in a cell were not sufficiently extreme to state a claim under the Eighth Amendment); *Gross v. White*, 340 F. App'x 527, 536 (11th Cir. 2009) (holding that the lack of running water for thirty-six hours, coupled with other

---

[1] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

discomforts in a cell, was not sufficiently extreme to state a claim under the Eighth Amendment).[2]

Because a more carefully drafted complaint could not state a claim, the Court finds that an amended complaint would be futile. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("[A] district court need not grant leave to amend when . . . 'a more carefully drafted complaint could not state a claim.'" (citation omitted)).

Accordingly, it is now

**ORDERED:**

1. Plaintiff Xavier Lavell Artis's Complaint (Doc. 1) is **DISMISSED with prejudice for failure to state a claim**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] *See also Coburn v. Moates*, No. 4:25-cv-23-WMR-WEJ, 2025 WL 4697127 at *2 (N.D. Ga. Apr. 3, 2025) ("[P]laintiff's allegations that he was denied access to water in his cell for thirty-six hours, without alleging that he was not provided other water during this time, and without alleging injury caused by a lack of water, does not rise to the level of a constitutional violation."); *Steele v. Watts*, No. 1:13-cv-399-WS-N, 2016 WL 5662059 at *9 (S.D. Ala. Aug. 16, 2016) ("[C]ourts have repeatedly refused to find Eighth Amendment violations based on short term unavailability to functioning plumbing within one's cell.").